UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MASONPRO, INC.,**<br>a Michigan Corporation,<br><br>    **Plaintiff,**<br><br>    v.<br><br>**MASON PRO ONE, LLC,**<br>a New Jersey limited liability company,<br><br>    **Defendant.** | Civ. No. 21-01941 (KM)(ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of the plaintiff, MasonPro, Inc. for a default judgment against the defendant, Mason Pro One, LLC, pursuant to Fed. R. Civ. P. 55(b)(2). (DE 8)[1] This action arises from defendant Mason Pro One's alleged infringement of the plaintiff's trademarks in violation of the rights of MasonPro, Inc. under the Lanham Act.[2] For the reasons set forth below, the motion is granted.

I.   **STANDARD FOR ENTRY OF DEFAULT JUDGMENT**

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments."

---

[1]   Certain citations to the record are abbreviated as follows:

   DE = docket entry number in this case

   Compl. = Plaintiff's Complaint for Trademark infringement (DE 1)

[2]   For clarify I refer to the parties as "plaintiff" and "defendant" throughout.

1

*United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, CIV.A. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *accord Gold Kist,* 756 F.2d at 19.

## II. DISCUSSION

### a. Service & Defendant's Failure to Respond

This action was filed on February 5, 2021. After the defendant attempted to avoid service, the court approved alternative service in the form of certified mail, return receipt requested, and regular United States mail. (DE 5.) The defendant was properly served on June 1, 2021, triggering the usual twenty-one-day deadline to respond under Fed. R. Civ. P. 12(a). (DE 6.) Defendant did not answer or otherwise respond to the complaint. On July 12, 2021, the Clerk entered default. (Entry following DE 7.) On September 17, 2021, plaintiff moved for entry of a default judgment. (DE 8.) The prerequisites to a default judgment are therefore met. *See Gold Kist, Inc.*, 756 F.2d at 18–19.

### b. *Gold Kist* factors

I next evaluate the following factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Gold Kist,* 756 F.2d at 19.

#### i. Meritorious defense

As to the first factor, my review of the record reveals no suggestion that plaintiff's claims are legally flawed or that there is a meritorious defense to them. *See Doe*, 2013 WL 3772532, at *5.

Accepting the factual allegations as true, I find that the plaintiff has stated a claim under the Lanham Act. Plaintiff markets and distributes masonry-related goods and services and has done so for over three decades. (Compl. ¶ 8–11.) The complaint, corroborated by affidavits, alleges causes of action for trademark infringement and unfair competition under the Lanham Act.

To prevail on its trademark infringement and unfair competition claims, the plaintiff must prove three elements: 1) its ownership of the MasonPro marks, which are 2) valid and legally protectable, and 3) defendants' use of those marks is likely to create confusion. *See A & H Sportswear, Inc. v.*

3

*Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000). To establish elements 1) and 2), a USPTO-issued trademark registration suffices. *E.A. Sween Co., Inc. v. Deli Exp. Of Tenafly, LLC*, 19 F. Supp. 3d 560, 568 (D.N.J. 2014); *see also Luxottica Group, S.p.A. v. Shore Enuff*, 2019 WL 4027547 at *4 (D.N.J. Aug. 27, 2019). Here, plaintiff presented registration certificates of its MasonPro marks. (Compl., Ex. A.) Further, the USPTO records show that the marks are unchallenged, the required renewal registrations have been duly paid, and the registered classes of the marks cover the products plaintiff alleges were sold by defendants. On their face, the marks appear valid; and thus, the first two elements are satisfied.

I therefore move to the third factor: use of confusingly similar marks. This factor will be found when ordinary consumers are likely to conclude that the marks used in commerce by the defendant and the plaintiff's registered marks identify a common source, affiliation, connection, or sponsorship. *See A&H Sportswear*, 237 F.3d at 216. In a contested matter, courts have looked to the ten so-called "*Lapp* factors." *See Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 462 (3d Cir. 1983). Because the defendant has failed to respond, the Court lacks a sufficient basis for a full analysis. The most important factor, however, is the first *Lapp* factor, the similarity of the marks. *A&H Sportswear*, 237 F.3d at 216. Plaintiff includes in its complaint printouts of the defendant's website. (Compl., Ex. B.) These printouts reveal that defendant provides masonry-related goods and services under the name "Mason Pro," which is nearly identical to the trademark owned and registered by the plaintiff for nearly thirty years. I find it plausible that the New Jersey homeowner/consumers targeted by the defendant for masonry goods and services would be confused by the similarity of the marks.

The Lanham Act cause of action is amply established. The materials before the Court do not suggest any meritorious defense.

### ii. Prejudice suffered by party seeking default & culpability of the parties subject to default

The second and third factors also weigh in favor of default.

Defendant has failed to appear and defend itself in any manner. As a result, the plaintiff, unless default judgment is entered, will be unable to vindicate its rights. *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that "Plaintiffs have been prejudiced by the Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion.").

Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default. There is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent.'" *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, No. 08–2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default judgment)).

The only possible conclusion based on this record is that the defendant violated the plaintiff's rights under the Lanham Act; that the defendant, not the plaintiff, is culpable both for the underlying conduct and for the failure to answer the complaint; and that the plaintiff was prejudiced as a result. Accordingly, I find that the entry of a default judgment is appropriate.

### c. Injunctive Relief

The plaintiff seeks a permanent injunction.

The Lanham Act, 15 U.S.C. § 1116(a), authorizes injunctive relief to restrain acts of infringement. The court's discretion is guided by the four traditional equitable factors: (1) irreparable injury; (2) inadequacy of legal remedies; (3) the balance of hardships as between the plaintiff and defendant; and (4) the public interest. *See Shore Enuff,* at *9 (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

Infringement based on a likelihood of confusion is tantamount to a finding of irreparable injury. *See id.* (citing *Pappan Enters., Inc. v. Hardee's*

*Food Sys., Inc.,* 143 F.3d 800, 805 (3d Cir. 1998)). I have already made such a finding.

Current damages, let alone future damages, are difficult or impossible to calculate as a result of the defendant's default. In addition, an ongoing loss to the plaintiff's business goodwill cannot be readily estimated or compensated in damages. *Id.* (citing *Louis Vuitton v. Mosseri,* 2009 WL 3633882, at *5 (D.N.J. Oct. 2, 2009)).

The balance of hardships favors the plaintiff. Defendant is not being deprived of anything to which it is entitled. *See Coach, Inc. v. Bags & Accessories,* No. CIV.A. 10-2555 JBS-J, 2011 WL 1882403, at *9 (D.N.J. May 17, 2011) ("The only hardship imposed upon the Defendants is that they obey the law.") Moreover, the plaintiff has done what can reasonably be expected to enforce its rights; defendant's non-appearance implies that efforts to identify and restrain future infringement might not be fruitful. *See Shore Enuff* at *9 (citing *Louis Vuitton, supra*).

The public interest, too, favors the plaintiff. In a trademark case, the public interest is "most often a synonym for the right of the public not to be deceived or confused." *S & R Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371, 379 (3d Cir. 1992). Here, as noted above, I find that the members of the public seeking masonry services could be confused by the similarity of the marks.

Permanent injunctive relief will therefore be granted.

## CONCLUSION

The Plaintiff's motion for a default judgment (DE 8) is GRANTED. A default judgment will be entered in favor of the plaintiff and against defendant. The defendant is permanently enjoined from further acts of infringement, in terms further specified in the accompanying Order.

Dated: January 7, 2022

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**